ALLAN BENNY v. WILLIAM J. O'BRIEN.

Persons born in the United States of parents who are domiciled here are citizens of the United States, and of the state wherein they reside. Children born of persons resident here in the diplomatic service of foreign governments are excepted.

---

In error to the Hudson Circuit.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice VAN SYCKEL.

For the relator, *Charles C. Black.*

For the defendant, *Thomas F. Noonan.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The question in this case is whether the contestant, Allan Benny, or William J. O'Brien is entitled to a seat in the board of councilmen of the city of Bayonne.

I see no reason to dissent from the finding of fact by the court below, which was that each candidate had received an equal number of votes. One of the votes cast and counted for Benny, it is admitted, was voted by himself, and that vote, the court below refused to count, on the ground that Benny was not entitled to the elective franchise.

The facts are undisputed. Allan Benny was born in the city of Brooklyn in 1867, and has lived in the city of Bayonne, in this state, continuously since 1868.

His parents came from Scotland to this country in 1855, and have continued to reside here since that time. His father declared his intention to become a citizen, in December, 1893, but has not been naturalized.

Allan Benny has voted at every election held in Bayonne since he became twenty-one years of age.

The question presented is whether a person born in this country of alien parents, who prior to his birth had their domicil here, is a citizen of the United States.

In *Lynch* v. *Clarke*, 1 *Sandf. Ch.* 583, Vice-Chancellor Sandford, after an exhaustive discussion of the subject, declared that every person born within the dominion and allegiance of the United States was a citizen thereof. This decision was rendered in 1844, before the adoption of the fourteenth amendment to the constitution of the United States.

That amendment, passed in 1865, provides "that all persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside."

In 1884, in Re Look Tin Sing, in the Circuit Court of the United States, Mr. Justice Field held that a person born within the United States of Chinese parents residing therein, and not engaged in any diplomatic or official capacity under the emperor of China, is a citizen of the United States. 21 *Fed. Rep.* 905.

Some expressions of Mr. Justice Gray, in *Elk* v. *Wilkins*, 112 *U. S.* 94, appear to be in conflict with the views of Mr.

Justice Field in the case above cited, and upon the authority of that case the court below rejected the ballot of the plaintiff in error.

Elk *v.* Wilkins related to the status of the Indians, who have always been regarded as a class by themselves, and the first section of the Civil Rights act of April 9th, 1866, which declares that "all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are citizens of the United States," had a controlling effect in the decision of the case.

Indians not taxed are excluded by that act from deriving any right to citizenship through birth, and can become citizens, as Justice Gray observed, only by naturalization.

That this case has not been understood to be inconsistent with the views of Mr. Justice Field, in 21 *Fed. Rep.* 905, is evinced by the fact that the latter case has been repeatedly approved and followed in the federal courts since the promulgation of Justice Gray's opinion in Elk *v.* Wilkins. *Re Chin King,* 35 *Fed. Rep.* 354; *Re Wy Shing,* 36 *Id.* 553; *Re Yung Sing Hee, Id.* 437; *Re Gee Fook Sing,* 49 *Id.* 146.

All white persons, or persons of European descent who were born in any of the colonies, or resided or had been adopted there before 1776, and had adhered to the cause of independence up to July 4th, 1776, were, by the declaration, invested with the privileges of citizenship.

Since that time the right to citizenship has been derived through birth or naturalization.

It is manifest, therefore, that those whose ancestors came to this country since the adoption of the federal constitution in 1789, can establish their right to citizenship only by showing that such ancestors were naturalized, unless the right to citizenship can be acquired by birth in this country.

Such a rule would disfranchise a large number of persons born in this country whose parents, or even grandparents, were born here of alien parents.

I think it is clear that it will never be conceded by our government that such persons are subject to any foreign

power, so as to exclude them from the right to citizenship intended to be conferred upon persons born in this country, by the first section of the Civil Rights bill of April 9th, 1866, hereinbefore referred to.

The language used in this act is, " born in the United States and not subject to any foreign power." The words of the fourteenth amendment are, " born in the United States and subject to the jurisdiction thereof."

These provisions, by implication, concede that there may be instances in which the right to citizenship does not attach by reason of birth in this country. Two facts must concur. The person must be born here and he must be subject to the jurisdiction of the United States according to the fourteenth amendment, which means, according to the Civil Rights act, that the person born here is not subject to any foreign power.

Allan Benny, whose parents were domiciled here at the time of his birth, is subject to the jurisdiction of the United States, and is not subject to any foreign power. The right of our government to his allegiance, on the one hand, and its duty to protect him, on the other hand, cannot be denied if, in any case, birth here is to be of controlling force under the aforesaid act and amendment, for, in the absence of their provisions, children born here of parents who are citizens are themselves citizens in virtue of their birth.

Persons intended to be excepted are only those born in this country of foreign parents who are temporarily traveling here, and children born of persons resident here in the diplomatic service of foreign governments. Such children are, in theory, born within the allegiance of the sovereign power to which they belong or which their parents represent.

The object of the fourteenth amendment, as is well known, was to confer upon the colored race the right of citizenship. It, however, gave to the colored people no right superior to that granted to the white race. The ancestors of all the colored people then in the United State were of foreign birth, and could not have been naturalized or in any way have become entitled to the right of citizenship.

The colored people were no more subject to the jurisdiction of the United States by reason of their birth here than were the white children born in this country of parents who were not citizens.

The same rule must be applied to both races, and unless the general rule, that when the parents are domiciled here birth establishes the right to citizenship, is accepted, the fourteenth amendment has failed to accomplish its purpose and the colored people are not citizens. The fourteenth amendment, by the language, " all persons born in the United States and subject to the jurisdiction thereof," was intended to bring all races, without distinction of color, within the rule which prior to that time pertained to the white race.

In my opinion, therefore, Allan Benny is a citizen of the United States in virtue of his birth here of alien parents who at the time of his birth were domiciled in this country.

The judgment of the court below should be reversed ; the vote being a tie, neither candidate was elected.